## GIVENS v. LAWLER.

1. Where the parties to a controversy with respect to whether a transaction was a purchase of slaves, or a loan of money, entered into an agreement relative to the disposition of one of the slaves, but agreed that the writing should not be used by either as evidence, and on the same day one executes a receipt to the other, purporting to be a receipt of notes in full for the slave, if the latter paper is given in evidence, the opposite party may introduce the agreement, to explain the whole transaction, notwithstanding the agreement not to use it as evidence.

2. When two papers are before the jury as evidence, one of which, if not part of the same transaction with the other, will naturally affect the right of

the plaintiff to recover, but will not if the transaction is one and the same; the court does not submit a question of law, when it instructs the jury to ascertain to what extent one of the papers will affect the plaintiff's rights The charge will be construed with reference to the question of identity.

Writ of Error to the Circuit Court of Talladega.

Assumpsit, by Lawler, on the common counts, against Givens.

At the trial, on the general issue and other pleas, it was in evidence, that in December, 1843, two slaves, a woman and her child, went from the possession of the defendant to the possession of the plaintiff; about the same time, $500 in money, went from the possession of the plaintiff to the possession of the defendant. On the 14th January, 1844, the woman was burned to death in the plaintiff's possession. The plaintiff alledged the transaction referred to, was a loan of the money, and proof was given conducing to prove this fact, as well as that he had not purchased the slaves. The defendant's evidence conduced to show the transaction was an absolute sale of the slaves, and this he relied on as a defence to the suit. Whether it was a loan of the money, or a sale of the slaves, was the turning, and only point made in the cause.

The defendant proved the execution by the plaintiff of the following writing, viz :

Rec'd of E. L. Givens, one note of hand on J. D. Shelly, for thirty dollars, one on J. S. Reese, for fifty dollars, an account on T. Lawler, for ten dollars, and one on J. Lawler for ten dollars, in full payment for a negro child, named Rosy. January 20, 1844.

Signed,                       Isaac Lawler.

And gave some proof, tending to show the negro child therein named, was the child of the woman who was burned, and that it was the child which went to the plaintiff's possession.

The plaintiff then produced and proved the following written agreement between the parties, viz ; I have this day delivered into the possession of Edward L. Givens, an infant negro named Rosy, child of a woman named Lucy, lately

burned, and the said child shall become the property of the said Givens upon his giving to me $100 in good cash notes, on men in this county, (Talladega,)   And it is further agreed between us, that if Isaac Lawler recover the full amount paid by me to said Givens, say $425, on an agreed trade be·tween said Givens and myself, for said two negroes, which by me, the said Lawler, is asserted to have been rescinded, and by the said Givens is denied, in a suit which I am about to institute against Givens, for said sum of money, then the judgment shall be credited with the sum of $100.   And if I do not recover, then said negro child is to belong to said Givens, when I am paid said note or notes to the amount of $100.   It is further agreed between said Givens and myself, that neither of us shall be prejudiced by any admissions, or supposed admissions, in this instrument contained, nor shall the same be used in evidence in said suit ; and if no suit be brought, then said negro child shall belong to said Givens, upon payment of said $100, as above agreed on, in good cash notes, on men in Talladega county.   And it is further agreed between us, that this instrument be delivered to Jacob Shelly, as keeper of the same.

This is dated 20th January, 1844, and signed by plaintiff and defendant.

The plaintiff first showed this instrument to the court, and upon it moved to exclude from the jury the receipt offered in evidence by the defendant, but the court overruled the motion, and the defendant read the receipt to the jury.   The plaintiff then offered the agreement as evidence to the jury, for the purpose of explaining the receipt.

The defendant objected to the reading of the agreement, but the court allowed it to be read to the jury, upon the condition, and alone for the purpose afterwards explained in the charge, and for no other purpose.   After reading the agreement, the plaintiff again moved the court to exclude the receipt from the jury, but this was refused.   By the defendant it was contended before the jury, that the receipt before them being made subsequent to the burning of the woman, was an acknowledgement of the plaintiff, that the title to the slaves was in him.

69

In charging the jury, the court instructed them that they must take the receipt and in connection with the other testimoney in the cause, and ascertain whether they referred to one and the same transaction, and to the child of the woman who had been burned; unless they found them to refer to the same transaction, then they should discard the agreement from their deliberations altogether. If they find them to refer to one and the same transaction, they would construe them together; that the agreement, upon its face, showed that the transaction therein referred to, was not to prejudice either plaintiff or defendant in the suit, and they would be allowed to look at it, to ascertain to what extent the said paper or receipt should affect the plaintiff's rights in the action; for no other purpose whatever, could they look to the agreement in evidence.

To the reading of this agreement in evidence, and to the charge in relation to it, the defendant excepted, and here assigns the admission and charge as error.

S. F. RICE, for the plaintiff in error, insisted—

1. That the agreement was admitted in direct violation of the agreement of the parties, who had the right to stipulate as they chose. As the evidence was improper, the court will reverse, without reference to the effect produced. [1 Munf. 288.]

2. But the court also referred to the jury to ascertain to what extent the receipt should affect the plaintiff's right of action. This was a legal question to be decided by the court. [Pistole v. Street, 5 Porter, 64; Earbee v. Craig, 1 Ala. Rep. 607.]

WHITE, contra.

GOLDTHWAITE, J.—A very brief consideration is all which this case requires. It seems the defendant, whether by accident or design is wholly immaterial, had obtained a writing signed by the plaintiff, which might be construed as the assertion of an absolute title to one of the slaves; to rebut this presumption it was only necessary to produce the agreement made between the parties, evidently with reference

to the same subject matter.    This agreement, however, con-
tains a stipulation that it shall not be used as evidence upon
the trial.    Now for what purpose was this agreement?    Cer-
tainly not that the defendant should be permitted to use,
without explanation, another paper, part of the same trans-
action.    We cannot permit ourselves to further illustrate a
proposition which seems so plain.    The defendant himself,
puts in evidence a part of the same transaction, and will not
be heard to complain afterwards, that the whole is given to
the jury.

2.  We are unable to see that any question of law was left
to the decision of the jury.    The defendant insisted before
it, that the receipt was an admission by the plaintiff, of a right
to sell the slave, but the court instructs, that this receipt is
the subject of explanation, by the agreement of the same
date, if both referred to the same transaction.    The identity
of the transaction, was the matter left to the jury, to deter-
mine the extent to which the receipt should affect the plain-
tiff's right.    If identical, then the law as argued by the de-
fendant, had no application, but if distinct and separate trans-
actions, or with reference to different slaves, the law as assert-
ed in argument, was admitted to govern.

Let the judgment be affirmed.